**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

FELIPE VELEZ,

    Defendant.

No. CR 15-00102 WHA

**ORDER GRANTING MOTION TO QUASH SUBPOENA**

Defendant Felipe Velez served a Rule 17(c) subpoena *duces tecum* on the San Francisco Police Department requesting the following documents:

> A copy of any and all parts of the personnel records which reflect any complaints, supervisory complaints or reprimands, disciplinary action, etc. related to honesty, integrity, racial bias, or conduct unbecoming an officer, for any of the following San Francisco Police Department officers:
>
> 1. Sgt. Sean P. Perdomo (#1140)
> 2. Officer David A. Sands (# 170)
> 3. Officer Michael R. Graham (#4276)
> 4. Sgt. Michael J. Browne (#1893)
> 5. Officer Nicholas C. Buckley (#1537)
> 6. Officer Nadia E. Mohamed (#4254)
> 7. Sgt. Robert J. Trujillo (#928)
>
> Included within this request are any allegations that the officer fabricated facts, evidence, events, or descriptions of conduct within any incident report, oral report, or testimony.
>
> Also included within this request are any allegations that the officer has acted with racial animus, has used racially derogatory or insensitive terms in the officer's contact with the public or with co-workers, has made racial slurs or jokes, or has targeted suspects because of their race, national origin, or ethnic background.

Further included in this request are all allegations of improper searches or seizures or any conduct inconsistent with the Fourth Amendment of the Constitution of the United States. This includes but is not limited to arrests, stops, or seizures without cause, "pat-downs" and searches of suspects without probable cause or reasonable suspicion, entry into residences or businesses without knock-notice, intrusion onto private property without a search warrant, and the use of excessive force in arrests, seizures, and searches.

The request includes all allegations of improper interrogation, including but not limited to failure to *Mirandize* suspects, failure to permit suspects to make a call, continued interrogation despite requests for counsel, and interrogation of suspects who are mentally incapable of making an informed and knowing waiver of their *Miranda* rights.

The request seeks all documents reflecting the officer's use of controlled substances, on duty use of alcohol, mental impairment or psychiatric impairment apparent during the performance of his duties, and allegations of inappropriate displays of anger or emotion while in the course of duty.

This subpoena compels disclosure of all materials described above, **including information which is more than five years old,** if that material or information is in the custody or possession of the recipient of this subpoena. It compels disclosure of citizen complaints as well as documents relating to the resolution of these complaints. Specifically, it compels disclosure of the following materials:

1. All "293 Forms" (initial complaints), including revised complaints with additional allegations added after the investigator intake interview;

2. All complaint work summaries and/or chronologies of the investigator's work on the complaint;

3. All "sustained report" memoranda, detailing the complaint and investigation in support of the recommended sustained finding;

4. All taped statements taken during the investigation;

5. All SFPD or law enforcement incident reports gathered during the investigation;

6. All Computer Assisted Dispatch (CAD) tapes and reports gathered during the investigation;

7. All Departmental General Orders included in the complaint file and relied upon in the investigation of the case;

8. All written statements, including "Member Response Forms" ("MRFs") from the officers;

2

9. All photographs taken during the course of the complaint investigation;

10. All "MULT" cards, listing previous complaints against the officers;

11. Any transcripts or recordings of complaint proceedings before the OCC, or before the Chief of Police or his or her designees.

This subpoena is *not* limited to only "sustained" citizen complaints, but includes materials and information containing any of the allegations described above.

In response, the SFPD moved to quash the subpoena as being vastly over broad and burdensome to comply with.

Defendant's subpoena is massively over broad and is therefore **QUASHED IN ITS ENTIRETY**. Defendant argues that his subpoena request complied with the Northern District of California's General Order No. 69, which sets out the process for subpoenaing and using personnel or complaint records of state law enforcement officers testifying in federal court. General Order No. 69, however, merely lays out a procedure for the service and use of subpoenaed records. It makes no comment on how broad those requests for documents may be and certainly does not explicitly endorse the breadth of the subpoena defendant has served.

The swath of the subpoena is so burdensome that it would be bad policy for the judge to now whittle it back to something narrower and reasonable. Instead, the baby should go out with the bath water — the entire defective subpoena will be quashed in its entirety. To do otherwise would encourage litigants to demand the moon thinking they can always fall back to something reasonable. They should be reasonable from the start. Accordingly, the SFPD's motion to quash the subpoena is **GRANTED**.

However, the government must produce all such records to the extend required by *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: May 21, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3