IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FELIPE VELEZ,

    Defendant.

No. CR 15-00102 WHA

**ORDER DENYING SECOND MOTION TO SUPPRESS EVIDENCE**

## INTRODUCTION

In this Section 922(g) prosecution, defendant moves to suppress evidence obtained by police. For the reasons stated below, defendant's motion is **DENIED**.

## STATEMENT

The main facts of this case are set out in a companion order denying defendant's first motion to suppress. In brief, on January 2, 2015, police reported a theft at a Radio Shack in the Mission District of San Francisco. Fifteen minutes after the report came over police dispatch, three plain-clothed police officers spotted a man fitting the description of the suspect two blocks away from the Radio Shack at issue. This man turned out to be Felipe Velez. When police tried to question him, Velez acted in a manner reasonably thought to be evasive and then took off in a sprint against the light across a busy intersection. When police caught up to him, they discovered he had a firearm and ammunition. Velez was arrested and taken into custody.

After Velez had been in custody for eleven days, police conducted a search of Velez's residence at 505 Potrero Avenue in San Francisco, the focus of this second motion to suppress. Velez was on parole for a previous violation at the time. One of the conditions of Velez's parole, which he signed and acknowledged less than four weeks before the Radio Shack incident, stated (Maffei Decl. at 3):

> You, your residence, and any property under your control are subject to search or seizure by a probation officer, an agent or officer of the California Department of Corrections and Rehabilitation, or any other peace officer, at any time of the day or night, with or without a search warrant, with or without cause.

When the police arrived at the home, Velez's grandmother opened the door. She showed the officers to Velez's room, where they found ammunition, a gun holster, and gang indicia (Agarwal Decl. At FV–000256).

Now, defendant moves to suppress the evidence gathered from his home as a result of the parole search. This order follows full briefing and oral argument.

## ANALYSIS

As a preliminary matter, defendant's motion to suppress was filed late. The scheduling order clearly stated that defense counsel was to file any suppression motion by April 21 (Dkt. No. 18). Counsel complied with the schedule in filing the first suppression motion. The instant suppression motion, however, was filed on May 12, twenty-one days past the deadline.

Defense counsel, however, was not the only party at fault. Unrelated to the late filing, the government inexplicably failed to file any supporting declaration or sworn testimony with its opposition to defendant's motion. At oral argument, the undersigned judge stated that defendant's motion would be considered, despite its lateness. The government, however, was given two days to file a supporting declaration and defendant was given one day to respond to the government's filing.

"Before conducting a warrantless search" of a residence "pursuant to a parolee's parole condition, law enforcement officers must have probable cause to believe that the parolee is a resident of the house to be searched." *United States v. Howard*, 447 F.3d 1257, 1262 (9th Cir. 2006) (quoting *Motley v. Parks*, 432 F.3d 1072, 1080 (9th Cir. 2005)) (en banc) (overruled in part on other grounds).

2

Here, the police officers who conducted the search of 505 Potrero Avenue had probable cause to believe that Velez lived there. SFPD Sergeant Robert Trujillo, one of the officers who conducted the search, stated that he looked up Velez's information on the California Law Enforcement Telecommunication System prior to the search, which listed Velez's home address as 505 Potrero Avenue. Furthermore, Sergeant Trujillo searched the California Department of Motor Vehicles database, which also listed Velez's address as 505 Potrero Avenue (Trujillo Decl. at 2). As stated above, as a parolee, defendant was subject to parole searches of his residence at any time and for any reason, so long as the police had probable cause to believe that Velez actually lived at the residence to be searched. Therefore, the police did not need a warrant to search Velez's residence and their parole search of his room was lawful.

In support of the motion, defense counsel make the following arguments. *First*, they argue that the search of Velez's house was unlawful because it resulted from his allegedly illegal seizure on January 2. Thus, counsel argue, the evidence seized from his house is fruit of the poisonous tree. As stated in the companion order, however, the officers' seizure of Velez on January 2 was lawful, and therefore the evidence seized from his room does not amount to fruit of the poisonous tree.

*Second*, defense counsel argue that the police did not have probable cause to believe he lived at 505 Potrero Avenue before conducting the search. They base this argument solely on the fact that defendant's parole conditions, which he signed and acknowledged one month before the search of his residence, stated that he was to stay away from 505 Potrero Avenue unless he had permission from his parole officer. Counsel neither provide nor point to any other evidence showing the officers' search was unlawful. They do not even put forth the argument that Velez actually lived somewhere else at the time. This alone does not demonstrate a lack of probable cause. Sergeant Trujillo's declaration demonstrates that the officers clearly had probable cause to believe Velez resided at 505 Potrero Avenue. Moreover, when Velez's grandmother answered the door, she confirmed that Velez lived there and showed the officers to his room. These facts, in combination with defendant's parolee status (making his residence subject to search at any time), show that the police lawfully searched his residence.

3

**CONCLUSION**

For the reasons stated above, defendant's second motion to suppress is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 1, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4