1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       Plaintiff,                    No. CR 15-0102 WHA

  v.

FELIPE VELEZ,                  **FINAL PRETRIAL ORDER**

       Defendant.

_____/

     **FOR GOOD CAUSE** and after a final pretrial conference, the following constitutes the final pretrial order and rulings on motions *in limine*:

     1.     This case shall go to a **JURY TRIAL** on **JUNE 22, 2015**, at **7:30 A.M.**, and shall continue through June 24.  Trial will not be held on June 25 or June 26, but will continue on June 29 and thereafter.

     2.     Rulings on the motions *in limine* are summarized later in this order.

     3.     Except for good cause, each party is limited to the witnesses and exhibits disclosed in the pretrial filings less any excluded or limited by an order *in limine*.  Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

     4.     The stipulations set forth in the parties' joint pretrial stipulation are approved and binding on all parties.

     5.     A jury of **TWELVE PERSONS AND TWO ALTERNATES** shall be used.

**United States District Court**
For the Northern District of California

## RULINGS ON MOTIONS *IN LIMINE*

**DEFENDANT'S MOTIONS *IN LIMINE*:**

**1.    MOTION TO EXCLUDE ANY LATE DISCLOSED DISCOVERY.**

Government Exhibits 1 (map) and 27 (photo of house) shall be allowed in evidence, provided that the proper foundation is laid.  Any other late disclosed discovery will be considered on an item-by-item basis.

**2.    MOTION TO EXCLUDE LATE DISCLOSED FRE 404(b) EVIDENCE.**

The government shall be allowed to illicit from witnesses that defendant (1) was on parole at the time of the incidents in question and (2) had previous contacts with the police.  The government shall not, however, illicit the details surrounding these facts, such as what caused defendant to be on parole or the details of his previous contacts with police.  The government may only establish that these two facts existed at the time of the incidents in question.

**3.    MOTION TO EXCLUDE GANG-RELATED EVIDENCE.**

For now, government Exhibits 18 and 36–39 shall not be allowed into evidence.  These consist of the stencil of defendant's "Norte" tattoo, a letter found in the bedroom at issue with the word "Norte" on it, and photos of these items, including a photo of defendant's actual tattoo.  These items are more prejudicial than they are probative of relevant evidence, as many jurors will understand that the term "Norte" is a gang-related term.  Depending on how the trial proceeds, police witnesses may be allowed to testify about finding the stencil or "Norte" letter in the bedroom at issue.  For the time being, however, these exhibits will not be allowed into evidence, and the government shall not mention anything gang-related without prior approval from the judge.  Moreover, testifying police officers shall not state that their titles relate to "gang task force" or "violent fugitive task force" or similar titles.  They can simply state that they are San Francisco police officers, their duties in that role, and how long they have been in law enforcement.

2

**4.**   **EXCLUSION OF GOVERNMENT DNA EXPERT DANA WARREN.**

Defendant challenged the third and fourth issues Warren's expert summary addressed concerning touch DNA on firearms and whether it is "common" to match a touch DNA sample from a firearm. By **JUNE 21 AT NOON**, Warren shall provide a one paragraph summary of the basis for her definition of "common" regarding the regularity with which DNA labs are able to match touch DNA samples from firearms. Moreover, before Warren testifies, defense counsel shall be allowed to question her for ten minutes outside of the presence of the jury, in order to determine the basis for her opinions.

**5.**   **EXCLUSION OF LATE DISCLOSED FINGERPRINT EXPERTS.**

These experts, Sergeant Lyn O'Connor and Officer Patrice Scanlan, shall only be allowed to testify as to what was in the timely disclosed fingerprint report. They shall not be allowed to testify to the opinions in their expert summary, that it is rare to find latent fingerprints on firearms, because that expert summary was disclosed too late. If the defense opens the door to this testimony during the trial, however, the experts may be allowed to testify during the government's rebuttal regarding the frequency of finding latent fingerprints on guns.

**6.**   **MOTION TO PROHIBIT THE PRESENTATION OF THE INDICTMENT TO THE JURY.**

Both sides agreed that the indictment will not be presented to the jury.

**7.**   **MOTION TO DESIGNATE ALL GOVERNMENT WITNESSES AS UNDER DEFENSE SUBPOENA UNTIL RELEASED.**

As the parties agreed at the hearing, before the government releases witnesses from their subpoenas, the defense shall have an opportunity to explain to the judge why the witness should not be released. This rule will apply to both sides.

**8.**   **MOTION TO EXCLUDE GOVERNMENT WITNESSES FROM THE COURTROOM OTHER THAN THE GOVERNMENT'S CASE AGENT.**

Witnesses who have yet to testify will be excluded from the courtroom until their testimony, except for the government's designated case agent and defendant. This rule applies to both sides.

3

United States District Court

For the Northern District of California

**9.      MOTION TO AFFIRM THE GOVERNMENT'S CONTINUING OBLIGATION TO PRODUCE *HENTHRON*, *BRADY*, *GIGLIO*, AND *JENCKS* MATERIALS.**

These disclosure requirements are self-executing.  The Court takes the government at its word that it has complied with its disclosure obligations.

**GOVERNMENT'S MOTIONS *IN LIMINE*:**

**1.      MOTION TO EXCLUDE EXTRINSIC EVIDENCE FOR IMPEACHMENT PURPOSES.**

The government did not have specific items of extrinsic evidence in mind, other than possible citizen complaints against police officers.  As stated at the hearing, this will be determined on an item-by-item basis at trial.

**2.      MOTION TO REQUIRE THE DEFENSE TO PROFFER A GOOD FAITH BASIS FOR ANY *HENTHORN* TYPE INQUIRY OF A LAW ENFORCEMENT WITNESS.**

As stated at the hearing, this will be determined on an item-by-item basis at trial.

**3.      MOTION TO PROHIBIT THE DEFENSE FROM MAKING SPEAKING OBJECTIONS.**

Defense counsel stated that they will not make speaking objections during trial.

**4.      MOTION TO ADMIT EVIDENCE OF DEFENDANT'S PAROLE STATUS AND PRIOR CONTACTS WITH POLICE.**

This motion is similar to the defense's second motion *in limine*.  The government may put on evidence that defendant was on parole at the time of the alleged incidents and had prior contacts with police witnesses.  The government may not, however, illicit any details regarding why defendant was on parole or the details surrounding his prior contacts with police.

**5.      MOTION TO ADMIT STATEMENTS FROM DEFENDANT'S JAIL CALL TO HIS MOTHER.**

As stated at the hearing, this motion will be held in abeyance, and determined based on how the trial develops.  For now, defendant's statements from the jail call will not be allowed into evidence.

**6.      MOTION TO ADMIT DEFENDANT'S PRIOR CONVICTIONS IF HE TESTIFIES.**

This motion will also be held in abeyance, and will be determined based on what defendant says during his direct examination.

4

**7.    MOTION TO PROHIBIT THE DEFENSE FROM DISCUSSING PUNISHMENT IN THE PRESENCE OF THE JURY.**

The defense may not reference punishment.  The defense may, however, tell the jurors that their decision in this matter will be important to defendant.

**8.    MOTION TO REQUIRE THE DEFENSE TO PROVIDE AN EVIDENTIARY BASIS FOR ANY AFFIRMATIVE DEFENSE.**

As defense counsel stated that they do not intend to present any affirmative defenses, this motion is moot.

**9.    MOTION TO PROHIBIT THE DEFENSE FROM QUESTIONING THE LEGALITY OF THE SEARCHES AND SEIZURES THAT LED TO THE PRESENT CHARGES.**

As stated at the hearing, defense counsel understand that the legal validity of the searches and seizures is not an issue for the jury in our case and they will not dispute the legality of them during trial.

**IT IS SO ORDERED.**

Dated: June 19, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5