IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FELIPE VELEZ,

    Defendant.

No. CR 15-00102 WHA

**PROPOSED JURY INSTRUCTIONS**

**COURT'S PROPOSED CHARGE TO THE JURY**

**AND VERDICT FORM**

Appended hereto are copies of the draft charge to the jury and verdict form given to both sides on **JUNE 23**, for discussion with the Court at the charging conference at the close of the evidentiary session on **JUNE 24.** Although both sides have filed proposed instructions, the proposed charge is based on the way the trial has actually developed, taking into account issues that have emerged and receded and concessions by both sides. Subject to the upcoming charging conference, the Court believes the proposed charge adequately and fairly covers all issues actually still in play. Therefore, in order to give the district judge a fair opportunity to correct any error as matters now stand, both sides must, at the charging conference, bring to the judge's attention any addition, subtraction or modification or other objections or proposal for the jury instructions. Otherwise, all such points shall be deemed waived and it will not be sufficient merely to argue after the verdict that a proposed instruction filed earlier in the proceedings somehow was not adopted. Rather, any such proposal that both sides still care about must be raised anew at the charging conference. The charging conference shall be conducted so as to give a full and fair opportunity for both sides to raise any and all objections and proposals.

1.

Members of the jury, it is now my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary. These instructions fall into several parts. The first part will address guidelines for evaluating the evidence, the burden of proof, and related matters.

2.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law in my instructions whether you agree with the law or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case fairly on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case.

3.

You must follow all of the instructions and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that matter is entirely up to you.

4.

The charges against the accused are not evidence. A separate crime is charged against the accused in each count. You must decide each count separately. The accused has pleaded not guilty to the charges. He is presumed to be innocent and does not have to testify or present any evidence to prove his innocence. The government has the burden of proving every element of the charges here beyond a reasonable doubt. Anytime I say in these instructions that the government has the burden of proof, it means proof beyond a reasonable doubt.

5.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the accused is guilty. It is not required, however, that the government prove guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not

1  based purely on speculation. It may arise from a careful and impartial consideration of all the
2  evidence or from a lack of evidence.

3                                      6.

4  If after a careful and impartial consideration of all the evidence, you are not convinced
5  beyond a reasonable doubt that the accused is guilty as charged, it is your duty to find him not
6  guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you
7  are convinced beyond a reasonable doubt that the accused is guilty as charged, it is your duty to
8  find him guilty.

9                                      7.

10  A defendant in a criminal case has a constitutional right not to testify. You may not draw
11  any inference of any kind from the fact that the accused did not testify.

12                                     8.

13  The evidence that you are to consider consists of:

14      1.   The sworn testimony of witnesses, on both direct and cross-examination,
15  regardless of who called the witness;

16      2.   The exhibits that have been received into evidence; and

17      3.   Any facts to which the parties agree.

18                                     9.

19  The parties have agreed to certain facts that have been stated to you. You should
20  therefore treat these facts as having been proven.

21                                    10.

22  In reaching your verdict, you may consider only the types of evidence I have described.
23  Certain things are not evidence, and you may not consider them in deciding what the facts are.
24  I will list them for you:

25      1.   Arguments and statements by lawyers are not evidence. They are not
26           witnesses. What they said in their opening statements, closing arguments, and at other
27           times is not evidence. Your memory of the evidence controls over the way either side
28           has conveyed it to you.

2. A statement or suggestion in a question to a witness is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it as evidence only in light of the answer by the witness. If an objection was sustained to the question, then you must disregard it and the answer entirely.

3. Statements made in your presence by either side in response to a question or remark by the Court or the other side are not evidence.

4. Objections to questions are not evidence.

5. Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

6. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

11.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw, heard, or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. Other evidence, however, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

12.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see, hear, or know the things testified to;

    2.      The witness' memory;

    3.      The witness' manner while testifying;

    4.      The witness' interest in the outcome of the case and any bias or prejudice;

    5.      Whether other evidence contradicted the witness' testimony;

    6.      The reasonableness of the witness' testimony in light of all the evidence; and

    7.      Any other factors that bear on believability.

13.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence. You should base your decision on all of the evidence regardless of which party presented it.

14.

You have heard testimony from law enforcement officials. In evaluating the credibility of a law enforcement witness, you should use the same guidelines that apply to the testimony of any other witness. You should not give greater or lesser credence to the testimony of a witness merely because he or she is or was a law enforcement official.

15.

Some witnesses have given testimony in the form of opinions based on education or experience. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

16.

You are here only to determine whether the accused is guilty or not guilty of the crimes charged in this case. Your determination must be made only from the evidence received at the trial. The accused is *not* on trial for any conduct or offense *not* charged in this case. Even if you believe the accused is guilty of some other crime, you should focus your attention solely on the crimes charged in this case. You should consider evidence about the acts, statements, and

5

intentions of others, or evidence about other acts of the accused, *only* as they relate to the charges in our case.

17.

You have heard that the accused was on parole at the time of the incidents in question and that he had previously had interactions with the police. The fact that he was on parole is a mere background fact and may not be used as proof of guilt on the charges at issue.

18.

You have also heard that the accused had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. You may consider this fact only for purposes of evaluating the elements of the charges I will describe later in these instructions. You may not consider these facts as proof of a character trait or that during the events in question the accused acted in accordance with that character trait.

19.

I will now turn to the law governing the offenses charged.

20.

The accused is charged in Counts One, Two, and Three of being in possession of a firearm and ammunition in the Northern District of California while previously having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Section 922(g)(1) of Title 18 of the United States Code. I instruct you that San Francisco is in what is known as the Northern District of California.

21.

In order for the accused to be found guilty of Count One, the government must prove each of the following elements beyond a reasonable doubt:

22.

*First*, the accused knowingly possessed a Bersa .380 caliber semiautomatic pistol, Serial No. 413360, and six rounds of .380 caliber ammunition;

*Second*, the Bersa .380 caliber semiautomatic pistol and ammunition had been shipped from one state to another or in foreign commerce; and

*Third*, at the time the accused possessed the Bersa .380 caliber semiautomatic pistol and ammunition, the accused had been convicted of a crime punishable by imprisonment for a term exceeding one year. The accused stipulates that on the dates at issue in this Count, the accused had been convicted of a crime punishable by imprisonment for a term exceeding one year. That stipulation is evidence in the case.

23.

In order for the accused to be found guilty of Count Two, the government must prove each of the following elements beyond a reasonable doubt:

24.

*First*, the accused knowingly possessed a Ruger Model Super Blackhawk .44 magnum caliber revolver, Serial No. 81-57472, and a six rounds of .44 caliber ammunition;

*Second*, the Ruger Model Super Blackhawk .44 magnum caliber revolver and ammunition had been shipped from one state to another or in foreign commerce; and

*Third*, at the time the accused possessed the Ruger Model Super Blackhawk .44 magnum caliber revolver and ammunition, the accused had been convicted of a crime punishable by imprisonment for a term exceeding one year. The accused stipulates that on the dates at issue in this Count, the accused had been convicted of a crime punishable by imprisonment for a term exceeding one year. That stipulation is evidence in the case.

25.

In order for the accused to be found guilty of Count Three, the government must prove each of the following elements beyond a reasonable doubt:

26.

*First*, the accused knowingly possessed sixteen rounds of .44 caliber ammunition;

*Second*, the ammunition had been shipped from one state to another or in foreign commerce; and

*Third*, at the time the accused possessed the ammunition, the accused had been convicted of a crime punishable by imprisonment for a term exceeding one year. The accused stipulates that on the dates at issue in this Count, the accused had been convicted of a crime punishable by

7

imprisonment for a term exceeding one year. That stipulation is evidence in the case.

27.

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it. More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

28.

A person can have constructive possession of an item. Constructive possession requires some evidence showing ownership, dominion, or control over the item itself or the premises in which it was found. Evidence that the accused knew of the item, had the power to exercise control over it, and had the intention to do so, can prove constructive possession. To prove constructive possession, the government must show a sufficient connection between the accused and the items of evidence to support the inference that the accused exercised dominion and control, and some evidence that distinguishes possession from mere presence or accessibility.

29.

An act is done knowingly if the accused is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the accused knew that his acts or omissions were unlawful. You may consider evidence of the accused's words, acts, or omissions, along with all the other evidence, in deciding whether the accused acted knowingly.

30.

The punishment provided by law for the alleged crimes is for the Court to decide. You may not consider punishment in deciding whether the government has proven its case against the accused beyond a reasonable doubt. That is an entirely separate matter not relevant here and on which you should not speculate or base your decision in any way.

31.

You are free to deliberate over the counts in any order you think most effective. You may possibly determine that certain counts ought to be considered out of strict numerical

sequence. To repeat, you are not required to address the counts in strict numerical sequence, so long as you decide all of the counts eventually.

32.

A separate crime is charged against the accused in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

33.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

34.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict as to each count, if any, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

35.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

36.

I will give you a verdict form to guide your deliberations. However, you do not need to address the questions in the precise order listed.

37.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes. When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberation.

38.

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

1. A work copy of these jury instructions for each of you;

2. A work copy of the verdict form for each of you;

3. An official verdict form; and

4. All of the exhibits received into evidence except for the firearms and ammunition. If you wish to examine them, we will make arrangements for you to view them in the courtroom under safe and controlled conditions. Photographs will be substituted for these exhibits in the jury room.

Remember that none of these items is evidence except the exhibits.

39.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

40.

A court security officer will be outside the jury room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your foreperson or by one or more members of the jury.

41.

No member of the jury should ever attempt to communicate with me except by a signed writing via the court security officer, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

42.

You have been required to be here each day from 7:45 A.M. to 1:00 P.M. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M. If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

43.

It is very important that you let the Clerk know via the court security officer in advance what hours you will be deliberating so that the lawyers and parties may be present in the courthouse at any time the jury is deliberating.

44.

You may only deliberate when all twelve of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberations.

45.

Now, a word to our alternate jurors. You will not be deliberating with the rest of the jury at the outset. You are free to leave once the jury begins its deliberations. You may be called in to replace one of the jurors. Therefore, your responsibilities as an alternate remain in effect. This means you are not to discuss this case with anyone until you join the regular jury in deliberations or until a verdict is returned and I expressly release you from service. If it becomes necessary to have you replace a juror, you will be asked to return to the court. You will then be sworn into the main jury and you and the rest of the jury will begin deliberations anew. If you are not needed, you will be notified as soon as the Court itself makes that determination. We will pause for a moment now for our alternates to be escorted out — with our thanks.

46.

After all twelve of you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court through the court security officer that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: June 23, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE