IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FELIPE VELEZ,

    Defendant.

No. CR 15-0102 WHA

**ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL**

## INTRODUCTION

In this prosecution, a jury convicted the offender of three separate counts of being a felon in possession of firearms and/or ammunition after a four-day trial. Now, the offender moves for a judgment of acquittal under Rule 29 on two of the three counts. For the reasons stated herein, the motion is **DENIED**.

## STATEMENT

In February 2015, a grand jury indicted the offender, Felipe Velez, on three counts of being a felon in possession of firearms and/or ammunition, in violation of 18 U.S.C. 922(g). In June 2015, after a four-day trial, a jury convicted him on all three counts. Now, the offender moves for a judgment of acquittal under Rule 29 on Counts One and Three. This order follows full briefing and oral argument.

## ANALYSIS

Under Rule 29, the "evidence is sufficient to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt." *United States v. Vgeri*, 51 F.3d 876, 879 (9th Cir. 1995) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

> Because the government does not need to rebut all reasonable interpretations of the evidence that would establish the defendant's innocence, or rule out every hypothesis except that of guilt beyond a reasonable doubt . . . a reviewing court may not ask whether a finder of fact could have construed the evidence produced at trial to support acquittal.

*United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2009) (en banc) (internal quotations omitted).

**1.  COUNT ONE.**

In Count One, the jury convicted the offender of possessing a firearm and ammunition recovered from his vehicle in violation of 18 U.S.C. 922(g). The elements of this crime are that the offender (1) had been convicted of a crime punishable by imprisonment for a term exceeding one year, (2) the firearm and ammunition at issue had traveled in foreign or interstate commerce, and (3) that the accused knowingly possessed the firearm and ammunition. As to the third element, the jury heard the following instruction on constructive possession (Dkt. No. 94 at 8–9):

> A person can have constructive possession of an item. Constructive possession requires some evidence showing ownership, dominion, or control over the item itself or the premises in which it was found. Control over the premises is a factor you may consider, but it is not conclusive. Evidence that the accused knew of the item, had the power to exercise control over it, and had the intention to do so, can prove constructive possession. To prove constructive possession, the government must show a sufficient connection between the accused and the items of evidence to support the inference that the accused exercised dominion and control, and some evidence that distinguishes possession from mere presence or accessibility.

The evidence showed that in November 2014, police pulled over a gold Toyota car, which the offender had been driving. Three other passengers were in the car — two of whom testified at trial. While the car had been registered to the offender's grandmother, the evidence showed that the offender had been the primary driver of the vehicle. After ordering the occupants out of the car, police found a Bersa .380 semiautomatic pistol under the driver's seat.

In his motion, the offender argues that there was insufficient evidence for any rational jury to find that the offender possessed the recovered Bersa. The offender states that police did

not recover any DNA evidence from the gun, did not recover any fingerprint evidence, and no witnesses actually saw the offender holding the firearm. Moreover, the offender stresses that his grandmother owned the car he drove on the night in question and thus a different driver could have placed the gun under the seat. The offender relies on our court of appeals' long-established principle that "evidence of mere proximity to contraband, or association with a person having possession of such contraband, is insufficient *standing alone* to support a finding of possession of that contraband." *Nevils*, 598 F.3d at 1167 (emphasis added). Essentially the offender argues that the only thing tying him to the recovered Bersa consisted of mere proximity.

Here, however, the government presented evidence going beyond mere proximity. *First*, the government proved that the offender had been driving the car when police discovered the firearm (Dkt. No. 117 at 293–94, 317–19). *Second*, police found the firearm directly under the driver's seat, well within reaching distance (*id*. at 295–96, 319). *Third*, the offender's grandmother testified that he was the regular driver of the car, despite the fact that she owned it (Dkt. No. 119 at 17).

In a similar case, concerning constructive possession of a firearm in a vehicle, our court of appeals stated that "jurors could conclude that [the defendant], as the owner and operator of the car, had control over its contents, particularly items within easy reach of the driver's seat." *United States v. Carrasco*, 257 F.3d 1045, 1050 (9th Cir. 2001) (quoting *United States v. Whitfield*, 629 F.2d 136, 143 (D.C. Cir. 1980)). So too here. The government presented evidence demonstrating that the offender had been driving the car when confronted by police, that the firearm sat directly beneath the driver's seat, and that the offender was a regular driver of the car. Reviewing that evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the offender constructively possessed the firearm and ammunition in question.

### 2. COUNT THREE.

In Count Three, the jury convicted the offender of possessing ammunition recovered from his bedroom in violation of 18 U.S.C. 922(g). The elements of this crime are the same as in Count One, stated above. The evidence showed that on January 13, 2015, police arrived at

defendant's residence and asked to be taken to his room to conduct a parole search. The offender's grandmother then led the officers to a bedroom which she said belonged to the offender. Once inside, officers found numerous items confirming the offender's presence in that bedroom, including notebooks with his name, handwritten notes, and a social security card. In addition, the officers found the ammunition at issue, which contained the same caliber as the firearm previously recovered from the offender, along with a holster that also matched the previously recovered firearm (Dkt. No. 118 at 588–89, 616–17).

The offender argues that no rational jury could find that he possessed the ammunition at issue because he had been in jail for eleven days when police searched his bedroom. Thus, the offender argues, there is no way he could have constructively possessed the ammunition from jail. Not so. As an initial matter, the elements of the crime do not require the offender to have possessed the ammunition on a specific date. Rather, the government was required to prove that the offender possessed the ammunition "on or about" the date specified in the indictment (Dkt. No. 94 at 8). The offender entered custody on January 2, 2015. His grandmother testified that up until then, he lived in the bedroom in question. She also testified that she locked the door to his room on January 5, three days after his arrest. From this evidence, in addition to the many items linking the offender to the bedroom (and specifically to the recovered ammunition), a rational jury plainly could have found that the offender possessed the ammunition on or about the date police eventually recovered it.

## CONCLUSION

For the reasons stated above, defendant's motion for a judgment of acquittal is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 17, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4